UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

GRANITE ENTERPRISES LIMITED,

                                                           09 Civ. 4534

            Plaintiff,

  -against-                                   OPINION

VIRGOZ OILS & FATS PTE LTD. and PT
PERMATA HIJAU SAWIT,

            Defendants.

------------------------------------------X

A P P E A R A N C E S:

    Attorneys for Plaintiff

    FREEHIL HOGAN & MAHAR, LLP
    80 Pine Street
    New York, NY 10005
    By: Peter J. Gutowski, Esq.
        Edward J. Carlson, Esq.

    Attorneys for Defendants

    LENNON, MURPHY & LENNON, LLC
    The GrayBar Building
    420 Lexington Avenue, Suite 300
    New York, NY 10170
    By:  Nancy R. Siegel, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/2/09

**Sweet, D.J.**

Plaintiff Granite Enterprises Limited ("Granite" or "Plaintiff") has moved for costs and attorneys' fees in connection with its efforts to satisfy arbitration awards against defendants Virgoz Oils & Fats PTE Ltd ("Virgoz") and PT Permata Hijau Sawit (collectively, "Defendants").

For the reasons set forth below, Plaintiff's motion is denied.

**Background**

The facts as set forth below are taken from the parties' submissions in connection with the pending motion.

On March 27, 2009, and April 21, 2009, awards were issued in Granite's favor against Virgoz pursuant to arbitrations held in London.

On May 12, 2009, Granite filed a complaint in the Southern District of New York seeking enforcement of the arbitration awards against Defendants. On May 18, 2009, an Order of Attachment was signed in the amount of

1

$1,631,636.43 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

On or about June 2, 2009, electronic funds transfers ("EFTs") referencing Virgoz were restrained. Virgoz was subsequently sent a notice of attachment.

On July 7, 2009, Plaintiff notified Defendants that the arbitration awards could be satisfied out of the attached funds.  On July 21, 2009, the pleadings were mailed to Defendants.

On August 24, 2009, Plaintiffs filed a motion for entry of default judgment against Defendants and for costs and attorneys' fees in connection with its efforts to satisfy the arbitration awards.  The motion was marked fully submitted on September 30, 2009.

On October 2, 2009, the parties stipulated to the release of the attached funds in satisfaction of the arbitration awards, thereby mooting Plaintiff's request for a default judgment and leaving only Plaintiff's motion for attorneys' fees and costs.

**Discussion**

The Second Circuit has held that awarding attorneys fees in the context of maritime attachments "conflicts with the well-established 'American Rule' applicable in the federal courts, under which the prevailing party may not recover attorney's fees from the loser, absent statutory or contractual provision to the contrary." Result Shipping Co. v. Ferruzzi Trading USA, 56 F.3d 394, 402 (2d Cir. 1995) (citing Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257-60 (1975); Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1158-59 (2d Cir. 1994)).

Plaintiff cites no fee shifting agreement establishing its entitlement to fees and costs. Instead, Plaintiff argues that Defendants' failure to pay the arbitration awards demonstrates bad faith sufficient to justify an award of fees and costs. The timeline of events, however, fails to justify Plaintiff's request. Plaintiff initiated this action on May 12, 2009, prior to the expiration of the thirty-day period in which Virgoz could have appealed the second arbitration award. Although

3

attachment proceedings were initiated soon after, Plaintiffs did not serve Defendants with the pleadings in the present action until July 21, 2009. Plaintiffs filed the present motion one month later, and Defendants have since agreed to pay the award amount. This is not a situation in which Defendants have refused to pay an arbitration award, avoided payment of an award for years, or otherwise demonstrated the bad faith required for an award of attorneys' fees and costs. That Plaintiffs failed to comply immediately with the arbitration award does not, by itself, warrant an award of fees and costs. See A&P v. Local Union No. 338, 95 Civ. 5255 (LLS), 1996 U.S. Dist. LEXIS 7207, at *8 (S.D.N.Y. May 23, 1996).

**Conclusion**

For the reasons set forth above, Plaintiff's motion for attorneys' fees and costs is denied.

It is so ordered.

**New York, N.Y.**
**December** / , 2009

_____
ROBERT W. SWEET
U.S.D.J.