```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

GRANITE ENTERPRISES LIMITED,

                Plaintiff,                  09 Civ. 4534

     -against-                              OPINION


VIRGOZ OILS & FATS PTE. LTD. and
PT PERMATA HIJAU SAWIT,

                Defendants.

-----------------------------------X

A P P E A R A N C E S:
```

[USDC SDNY / DOCUMENT ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 2/11/10]

Attorneys for Plaintiff

FREEHILL HOGAN & MAHAR LLP
80 Pine Street
New York, NY 10005
By:  Peter J. Gutowski, Esq.
     Edward J. Carlson, Esq.


Attorneys for Defendants

BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
By:  Jeremy J.O. Harwood, Esq.

**Sweet, D.J.**

Defendants Virgoz Oils & Fats Pte. Ltd. ("Virgoz") and PT Permata Hijau Sawit (collectively, "Defendants") have moved to vacate the maritime attachment issued pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure in light of the Second Circuit Court of Appeal's decisions in <u>The Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd.</u>, 585 F.3d 58 (2d Cir. 2009) and <u>Hawknet, Ltd. v. Overseas Shipping Agencies</u>, 590 F.3d 87 (S.D.N.Y. 2009).

Plaintiff Granite Enterprises Limited ("Granite" or "Plaintiff") commenced this action on May 12, 2009, with the filing of a verified complaint seeking security for claims pending before or resolved in London arbitrations. On May 18, 2009, the Court issued an order (the "Attachment Order"), pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, authorizing the attachment of Defendants' property, including electronic fund transfers ("EFTs") passing through this district. Following service of the Attachment Order on several garnishee banks in the district, a number of EFTs originating with and for the benefit of Defendants were restrained. One particular

1

transaction restrained at Citibank (the "Citibank restraint"), in the amount of $341,775, referenced Virgoz as the "drawer" of that transfer.

On October 2, 2009, the parties entered into a stipulation (the "October 2 Stipulation") directing garnishee bank HSBC to release $408,532.45 of Virgoz's funds under attachment to Granite in satisfaction of two outstanding arbitration awards.  As of November 20, 2009, $602,621.18 remained attached by Plaintiff as security for the ongoing arbitration in London

On November 12, 2009, Plaintiff requested by letter that the Court issue an order to show cause as to why the attachment should not be vacated in light of <u>Jaldhi</u>.

On November 19, 2009, Plaintiff served subpoenas on the garnishee banks seeking additional information relative to each transfer.

Turning first to the $341,775 EFT held in the Citibank restraint, the transfer details provided by Citibank and submitted by counsel establish that Citibank

served as the originating bank, rather than an intermediary bank, with respect to that EFT.  Because Jaldhi dealt only with the restraint of EFTs passing through intermediary banks located in this district, see Jaldhi, 585 F.3d at 61, this EFT falls outside the scope of Jaldhi's holding.  Therefore, the attachment with respect to the $341,775 EFT restrained by Citibank is upheld.

In urging the Court to maintain the attachment with respect to the remaining EFTs, Plaintiff argues that the Court is bound by the pronouncements of New York courts with respect to state law, and the Appellate Division's holding in Palestine Monetary Authority v. Strachman, 62 A.D.3d 213 (N.Y. App. Div. 2009) ("PMA") requires that the attachment be upheld.  However, the Court is bound by Second Circuit precedent, even on issues of state law.  See Euro Trust Trading S.A. v. Uralsib Ins. Group, No. 09 Civ. 4712 (RJH), 2009 WL 5103217, at *1 (S.D.N.Y. Dec. 23, 2009); Cowen & Co. v. Tecnoconsult Holdings Ltd., No. 96 Civ. 3748 (BSJ), 1996 WL 391884, at *4 (S.D.N.Y. July 11, 1996).  Further, Plaintiff's citation to PMA is unavailing.  PMA's holding with respect to the immunity enjoyed by intermediary banks who choose to honor creditor processes does not bear on the question of whether New York law

3

permits attachments by intermediary banks. See PMA, 62 A.D.3d at 227-28. In fact, PMA itself held that only the banks involved in an EFT transaction possess a property interest in an EFT. Id. at 228-30; see also Deval Denizcilik Ve Ticaret A.S. v. Schenker Italiana, No. 09 Civ. 0367 (DC), 2009 WL 5179015, at *3 (S.D.N.Y. Dec. 23, 2009).

Plaintiff also argues that following the restraint of the EFTs, the funds were transferred to a separate account, where they ceased to be EFTs and instead became attachable funds in which Defendants held a property interest. However, as the Honorable P. Kevin Castel has held:

> Attachment is an equitable remedy. The so-called "funds" attached were an EFT at the moment of attachment. It would be inequitable to permit plaintiff to continue to restrain funds that originated with an attachment of an EFT.

Amarante Shipping Pte Ltd. v. Kothari Prods. Ltd., No. 09 Civ. 7842 (PKC) (S.D.N.Y. Oct. 21, 2009) (unreported). The Honorable John G. Koetl has likewise observed:

4

> [T]he fact that the bank restraining the funds may have transferred the funds to a separate account does not remove them from the scope of Jaldhi. No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached.

Gloria E.N.E. v. Korea Line Corp., No. 08 Civ. 2490 (JGK) (S.D.N.Y. Nov. 14, 2009) (unreported). See also Panamax Bulk AS v. Dampskibsselskabet Norden AS, No. 08 Civ. 8601 (JSR), 2009 WL 3853422, *1 (S.D.N.Y. Nov. 18, 2009); Ermis Mgmt. Co. Ltd. V. United California Disc. Corp., No. 09 Civ. 7452 (LAK) (S.D.N.Y. Nov. 18, 2009) (unreported); Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC, No. 09 Civ. 7164 (LTS) (S.D.N.Y. Nov. 16, 2009) (unreported) ("Because the original attachment was improper, the deposit of the funds into a segregated account, absent the consent of the defendant, did not cure the problem addressed in Shipping Corp. of India. The legal character of the funds did not change when they were deposited."); Setaf-Segat v. Cameroon Shipping Lines S.A., No. 09 Civ. 6714 (JGK) (S.D.N.Y. Nov. 14, 2009) (unreported). Similarly, Plaintiff's argument that the Defendants, as originators of the EFTs, retained an attachable interest in the funds pursuant to the "money back guarantee" contained in N.Y. U.C.C. § 4-A-402 has been

5

previously rejected by courts in this district. See, e.g., Nova Maritime B.V.I. Ltd. v. Transvast Shipping Co. Ltd., No. 08 Civ. 6869 (SAS), 2009 WL 4884162 (S.D.N.Y. Dec. 16, 2009).

However, with respect to the $408,532.45 in retrained EFTs which Defendants agreed to transfer to a separate account in the October 2 Stipulation, the attachment, to the extent it remains relevant, is properly upheld. See, e.g., Europa Maritime v. Manganese Trans Atl. Corp., 08 Civ. 9523 (DAB) (S.D.N.Y. Nov. 10, 2009) (unreported) ("Parties' agreement controls the funds now so vacatur of attachment no longer of concern. Funds survive vacatur because of agreement."); Hansa Sonderburg, No. 09 Civ. 7164 (S.D.N.Y. Nov. 16, 2009) (noting lack of defendant's consent to the deposit of funds to a segregated account in vacating attachment); Ermis Mgmt. Co., Ltd., 09 Civ. 7452 (S.D.N.Y. Nov. 18, 2009) (same)

Finally, Plaintiff argues that Jaldhi should not be applied retroactively to its Rule B attachment in light of the equitable considerations associated with Plaintiff's reliance on Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 278 (2d Cir. 2002). However, the Second Circuit has

6

clearly stated that <u>Jaldhi</u> is to have retroactive effect, and the Court is not at liberty to depart from that holding.  See <u>Hawknet</u>, 590 F.3d at 91 ("[T]he rule announced in [<u>Jaldhi</u>] has retroactive effect to all cases open on direct review . . . ."); <u>Calais Shipholding Co. v. Bronwen Energy Trading Ltd.</u>, No. 07 Civ. 10609 (PKL), 2009 WL 4277246, at *4 (S.D.N.Y. Nov. 24, 2009) ("This Court is bound by the Second Circuit's determination that EFTs are not attachable property under Rule B and that this change in the law applies retroactively.").  Plaintiff has also failed to establish that its reliance on its Rule B attachment distinguishes it from other Rule B plaintiffs in this Circuit such that it would be entitled to the equitable relief that it seeks.

7

For the foregoing reasons, the attachment is upheld with respect to the $341,775 Citibank restraint and the $408,532.45 addressed in the October 2 Stipulation. The attachment with respect to the remaining EFTs is hereby vacated, and those funds are ordered to be released immediately.

It is so ordered.

**New York, NY**
**February 9, 2010**

ROBERT W. SWEET
U.S.D.J.